IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUNINCY LAMONT WALKER, as personal representative of the estate of JOHN NORWOOD | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 2:14-CV-1118-WKW-CSC ) |
| LEON LEWIS, et al. | ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1442(a)(1) & 1446, *Quincy L. Walker as personal representative of the estate of John Norwood,* Case No. CV-07-900028 (Circuit Court of Lowndes County, Alabama) is hereby removed to this Court. In support of this notice, the United States, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, respectfully states that:

1. Plaintiff, Quincy L. Walker, as personal representative of the estate of John Norwood, brings claims against, *inter alios*, the Centers for Medicare and Medicaid Services (CMS), a component of the United States Department of Health and Human Services (HHS). Compl. ¶¶ 22(A). CMS first received a copy of the summons and complaint on September 29, 2014. Accordingly, this removal is timely. 28 U.S.C. § 1446 (b). Copies of all State court papers received by CMS are attached as Def's Ex. 1.

2. The complaint alleges that decedent John Norwood was injured in an automobile accident in 2005 and later died in 2013. Compl. ¶¶ 16, 18. He filed personal injury claims

against various defendants in 2007, and his estate added wrongful death claims after his death. Compl. ¶¶ 17, 19. A settlement of all claims was reached in August 2014. Compl. ¶ 21.

3. The complaint alleges that CMS is among the entities asserting a right of reimbursement from the settlement proceeds for medical services provided to decedent. Compl. ¶ 22(A). Plaintiff apparently believes that CMS's right of reimbursement turns on whether the settlement proceeds are attributed to the personal injury or wrongful death claims and asks the Court to allocate the settlement between these claims. Compl. ¶ 24. He does not interplead the settlement proceeds pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 2361, disclose the amount of the settlement, or give a proposed allocation.

4. The federal officer removal statute permits removal of an action seeking to adjudicate CMS's right to recover medical payments from a settlement. *See, Miles v. Sunset Logistics, Inc.*, 2011 WL 1532382 *2 (N.D. Tex. 2011)(unpublished); *Kristzal v. Leavitt*, 2006 WL 1779015 (W.D. Mo. 2006)(unpublished).

5. The United States asserts that a colorable federal defense is unnecessary to remove a claim against a federal agency filed in State court. *See, City of Cookeville v. Upper Cumberland Electric Membership Corp.*, 484 F.3d 380, 390-91 (6th Cir. 2007)(colorable federal defense not required to remove claim against federal agency); *City of Jacksonville v. Dept. of the Navy*, 348 F.3d 1307, 1313 n. 2 (11th Cir. 2003)("[w]e recognize that it remains to be decided whether the requirement of a federal defense also applies to removal by the United States of one of its agencies"). However, to the extent that *Mesa v. California*, 489 U.S. 121, 133 (1989), requires a colorable federal defense, the United States raises the below defenses supporting

removal under § 1442(a)(1). *See, Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427-1429 (11th Cir. 1996)(explaining requirements for federal officer removal under 28 U.S.C. § 1442(a)(1)).

6. The United States and its agencies are immune from suit except to the extent that Congress has waived their sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Asociacion De Empleados Del Area Canalera (ASEDAC) v. Panama Canal Commission*, 453 F.3d 1309, 1315 (11th Cir. 2006). A plaintiff suing a federal agency must identify an unequivocal waiver of sovereign immunity permitting the suit. *See, FAA v. Cooper*, __ U.S. __, 132 S.Ct. 1441, 1448 (2012)(waivers of sovereign immunity must be unequivocally expressed in clear statutory text). Here, plaintiff has failed to identify a waiver of sovereign immunity permitting suit against CMS.

7. Moreover, this Court lacks subject-matter jurisdiction because plaintiff has failed to utilize the exclusive administrative and judicial review scheme established in the Medicare Act at 42 U.S.C. §§ 1395ff(b)(1)(A) and 405(g);(h). *See, Fanning v. United States*, 346 F.3d 386, 391-402 (3rd Cir. 2002).

8. In addition, to perfect service on the United States or its agencies, Rule 4(i) requires service on the Attorney General and U.S. Attorney. Plaintiff has not served a copy of the summons and complaint on either federal officer.

9. The United States has contemporaneously filed a motion to dismiss for lack of subject-matter jurisdiction and insufficiency of service of process.

WHEREFORE, pursuant to 28 U.S.C. §§ 1442 (a)(1) & 1446, *Quincy L. Walker as personal representative of the estate of John Norwood,* Case No. CV-07-900028 (Circuit Court of Lowndes County, Alabama) is removed to this Court.

Respectfully submitted this 28th day of October, 2014.

<pre>
                    GEORGE L. BECK, JR.
                    United States Attorney
              By:   /s/ Stephen M. Doyle
                    STEPHEN M. DOYLE
                    Chief, Civil Division
                    Assistant United States Attorney
                    Post Office Box 197
                    Montgomery, AL   36101-0197
                    District of Columbia Bar No. 422474
                    Telephone No.: (334) 223-7280
                    Facsimile No.: (334) 223-7418
                    E-mail:   stephen.doyle@usdoj.gov
                    Attorney for Defendant CMS
</pre>

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all parties by mailing a copy of same, first class, postage prepaid, addressed as follows:

C. Carter Clay, Esquire
HOLLIS, WRIGHT, CLAY & VAIL, P.C.
505 North 20th Street
1500 Financial Center
Birmingham, AL 35203

E. Britton Monroe, Esquire
Carrie J. Dunn, Esquire
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 20TH Place S., Suite 300
Birmingham, AL   35223

Centers for Medicare and Medicaid Services
c/o BCRC-NGHP
P.O. Box 138832
Oklahoma City, OK 73113

Centers for Medicare and Medicaid Services
7500 Security Blvd
Baltimore, MD 21244-1850

4

        Alabama Medicaid Agency
        601 Dexter Avenue
        Montgomery, AL 36104

        Alabama Medicaid Agency
        c/o HMS
        ATTN: AL Medicaid Subro Unit
        P.O. Box 166709
        Irving, TX 75016-6709

        UAB Hospital Management, LLC
        1530 3rd Ave S. AB 820
        Birmingham, AL 35294

        The DCH Healthcare
        809 University Boulevard East
        Tuscaloosa, AL 35401

Dated this 28th day of October, 2014.

                                                            /s/
                                                  Assistant United States Attorney