IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINCY LAMONT WALKER, as Personal Representative of the Estate of John Norwood, deceased,<br><br>Plaintiff,<br><br>v.<br><br>LEON LEWIS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:14-cv-1118-WKW-PWG |

## REPORT AND RECOMMENDATION

On November 25, 2014, this matter was referred to the undersigned Magistrate Judge for disposition or recommendation on all pretrial matters. (Doc. 13). *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jefferey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990). This case is before the court following an October 28, 2014, notice of removal from the Circuit Court of Lowndes County, Alabama, filed by Defendant The Centers for Medicare and Medicaid ("CMS"). (Doc. 1). The following motions are pending: (1) a motion to dismiss by CMS (Doc. 3); and, (2) "Plaintiff's Motion for Allocation of Tentative Settlement Proceeds and Request for Evidentiary

1

Hearing" (Doc. 22).  For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that the motion to dismiss is due to be **GRANTED**, the court should decline to exercise its ancillary subject matter jurisdiction over the remaining parties and claims once CMS is dismissed as a party to this lawsuit, this case should be remanded to the Circuit Court of Lowndes County, Alabama, and "Plaintiff's Motion for Allocation of Tentative Settlement Proceeds and Request for Evidentiary Hearing" (Doc. 22) should be left for consideration by the state court.

As its basis for removing this case from state court, CMS asserts federal jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) & 1446.[1]  It is undisputed and the court finds that CMS, which is a division of the United States Department of Health and Human Services, is an agency of the United States.  As such, this court has ancillary subject matter jurisdiction over this controversy.  *See* 28 U.S.C. § 1442(a)(1); *Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir. 1986)("Section

---

[1] Title 28, Section 1442(a)(1), of the United States Code provides, in relevant part:

A civil action ... that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

2

1442(a)(1) created a special ancillary jurisdiction over the state claims in this situation; that is, under section 1442(a)(1), the district court may take the entire case, even if it would not have jurisdiction over any of the claims against a codefendant.")(citing *IFMC Professional Services v. Latin American Home Health*, 676 F.2d 152, 158-59 (5th Cir. Unit B 1982)).  Upon a review of the materials within the court's record, subject matter jurisdiction is exclusively derived from § 1442(a)(1) and the fact that CMS is a named party.

This lawsuit was filed in state court on August 21, 2007.  (Doc. 1-1 at p.1). Plaintiff alleges that Mr. John Norwood, deceased, was injured in an automobile accident in 2005.  (Docs. 1 & 1-1).  Mr. Norwood died in 2013, and his estate thereafter filed an amended complaint in state court to add a claim for wrongful death to the already pending personal injury claims.  (*Id.*).  In August 2014, the parties reached a settlement of all claims for an undisclosed amount.  (*Id.*).  After the settlement, Plaintiff filed a "Second Amended Complaint" in state court on September 11, 2014.  (Doc. 1-1).  That pleading asserts "Count IV" against CMS and other entities that were not parties to the lawsuit before the Second Amended Complaint.  (Doc. 1 at p. 1).

Count IV requests a judicial allocation of the settlement funds and a finding as to what portion of the settlement amount is assigned to compensatory and punitive

damages, respectively. According to Plaintiff, CMS seeks subrogation from the settlement funds, but Plaintiff is uninterested in surrendering any portion of that money unless directed to do so by a court. (Doc. 1-1). It is unclear what Plaintiff's legal basis is for the assertion that either the state court or this court has the authority to consider or grant the relief sought in Count IV, which appears akin to a request for a declaratory judgment or, possibly, an advisory opinion. However, because this case should be remanded to state court for the reasons discussed *infra*, questions as to the source of judicial authority to adjudicate Count IV need not be addressed by this court.

On the same day CMS removed this case to federal court, CMS filed a motion to dismiss arguing, among other things, lack of subject matter jurisdiction. (Doc. 3). Plaintiff concedes that CMS is due to be dismissed from this action. (Doc. 21). In light of Plaintiff's concession, and without addressing the merits of the arguments CMS offers in favor of dismissal, the motion to dismiss is due to be **GRANTED**.

As noted *supra*, the sole basis for federal jurisdiction is derived from the fact that CMS is a party to this case, pursuant to 28 U.S.C. § 1442(a)(1). Once CMS is dismissed,

> the district court has a residual ancillary jurisdiction over the state law claims against the nonfederal defendant. The district court may, in its discretion, decline to exercise this jurisdiction. If so, it must remand the

> case to state court as "removed improvidently and without jurisdiction" under 28 U.S.C. § 1447(c). *IFMC Professional Services*, 676 F.2d at 160. The reason is simple; if the federal court acting in removal jurisdiction determines that federal jurisdiction does not exist, it remands rather than dismisses because removal was "improvident." The scope of the district court's discretion, therefore, [is] between adjudicating the state law claims or remanding them; it [has] no discretion to dismiss them.

*Williams*, 794 F.2d at 628.[2] In this instance, because the proceedings before the state court were at an advanced stage and the relief Plaintiff seeks likely implicates an analysis of the underlying settlement agreement as well as Alabama law on damages and subrogation, the court should decline to exercise its ancillary jurisdiction over the "nonfederal" defendants and remand this action to the state court from which it came. To do so is in the interests of justice and judicial economy. This action was before the state court for over seven years prior to being removed to this court, and the state court is in a far better position to address Count IV, which appears to be the last remaining claim in a lawsuit that was filed in the middle of the last decade.

## CONCLUSION

Accordingly, for the reasons stated herein, the Magistrate Judge

---

[2] The *Williams* decision was published in 1986. Section 1447(c) was amended in 1988; however, the Eleventh Circuit has held that those amendments did not change the substantive meaning of § 1447(c). *See Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1289-90 (11th Cir. 2000). "Thus, the 1988 amendments to Section 1447(c) should not affect the Eleventh Circuit's prior precedent addressing remand pursuant to Section 1447(c) and Section 1442(a)(1)." *Buchinger ex rel. Estate of Buchinger v. Gardlock, Inc.*, No. 3:05CV118RV/MD, 2005 WL 2338801, at *3 n.3 (N.D. Fla. Sep. 23, 2005).

**RECOMMENDS** as follows: (1) the motion to dismiss CMS (Doc. 3) is due to be **GRANTED**; (2) after dismissing CMS as a named defendant, the court should decline to exercise its ancillary jurisdiction over this controversy; and, (3) this case is due to be remanded to the Circuit Court of Lowndes County, Alabama, as having been "removed improvidently and without jurisdiction" in accordance with 28 U.S.C. § 1447(c). *Williams*, 794 F.2d at 628-29. The court should **DEFER** ruling on "Plaintiff's Motion for Allocation of Tentative Settlement Proceeds and Request for Evidentiary Hearing" (Doc. 22), leaving that motion to be addressed by the state court after remand.

It is **ORDERED** that the parties shall file any objections to this recommendation on or before **April 27, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Report and Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Report and Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted

by the District Court except upon grounds of plain error or manifest injustice.  *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

**DONE** and **ORDERED** this 13th day of April, 2015.

                                             /s/ Paul W. Greene
                                           United States Magistrate Judge